Case 2:05-cv-03471-DGC   Document 9   Filed 06/20/06   Page 1 of 7

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert N. Hovarth, | ) No. CV 05-3471-PHX-DGC |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Circle K Corp., | ) |
| Defendant. | ) |

Pending before the Court is Defendant's motion for summary judgment. Doc. #4. For the reasons set forth below, the Court will grant the motion.[1]

**I.   Background.**

In December 2004, Defendant Circle K Corporation ("Circle K")[2] hired Plaintiff Robert N. Hovarth as a customer service representative ("CSR"). Doc. #5. On February 19, 2005, Mr. Hovarth was involved in a workplace incident with another CSR, Angel Samora, during which Plaintiff yelled vulgarities and pushed Mr. Samora twice. Docs. ##1, 4, 5

---

[1] The Court will deny the request for oral argument because the parties have submitted memoranda discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

[2] Defendant indicates that, despite the caption in Plaintiff's complaint, its proper name is "Circle K Stores, Inc." Doc. #4 at 1.

1  ¶¶ 20-23. Mr. Boyce E. Brown, Jr., the manager of the store in which the incident occurred,
2  subsequently suspended and ultimately terminated Mr. Hovarth. *Id.*

3  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity
4  Commission ("EEOC"). Doc. #1. On August 3, 2005, the EEOC stated that it was unable
5  to conclude that the law was violated and issued a Notice of Right to Sue to Mr. Hovarth.
6  *Id.* On October 31, 2005, Mr. Hovarth filed a complaint against Circle K, alleging that he
7  was discriminated against on the basis of disability. *Id.* Mr. Hovarth specifically contends
8  that he was (1) harassed, (2) terminated, and (3) subjected to a hostile work environment in
9  violation of the Americans with Disabilities Act ("ADA"). *Id.*

10  In moving for summary judgment, Circle K argues that Mr. Hovarth has not created
11  a genuine issue of material fact for trial and that it is entitled to judgment as a matter of law.
12  Doc. #4.

13  **II.    Circle K's Motion for Summary Judgment.**

14  **A.    Summary Judgment Standard.**

15  Summary judgment is appropriate if the evidence, viewed in the light most favorable
16  to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and
17  that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see*
18  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might
19  affect the outcome of the suit . . . will properly preclude the entry of summary judgment."
20  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be
21  "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.
22  Summary judgment may be entered against a party who "fails to make a showing sufficient
23  to establish the existence of an element essential to that party's case, and on which that party
24  will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

25  **B.    Rules Governing Pro Se Litigation.**

26  Pro se litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*,
27  154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999). When faced
28  with a motion to dismiss under Rule 12(b)(6), pro se litigants are entitled to notice of the

1  complaint's deficiencies and an opportunity to amend prior to dismissal of the action unless
2  it is absolutely clear that the deficiencies could not be cured by amendment. *See Lucas v.*
3  *Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th
4  Cir. 2000).

5        In the context of a motion for summary judgment, "[d]istrict courts are obligated to
6  advise *prisoner* pro per litigants of Rule 56 requirements." *Klingele v. Eikenberry*, 849 F.2d
7  409, 411-12 (9th Cir. 1988) (emphasis added). The Ninth Circuit has declined, however, to
8  extend this duty to all pro se litigants. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-67 (9th
9  Cir. 1986) (noting, in response to this argument, that "pro se litigants in the ordinary civil
10 case should not be treated more favorably than parties with attorneys of record."); *Rand*, 154
11 F.3d at 956 (observing that the court in *Jacobsen* "refused to apply the [fair notice
12 requirement] to pro se non-prisoners"); *Moore v. Argenbright Sec.*, 2001 WL 687484, at *4
13 n.6 (D. Ariz. 2001) ("[A] court is not required to advise a non-prisoner pro se litigant of the
14 requirements of Fed.R.Civ.P. 56 before entering summary judgment") (quoting *Jacobsen*,
15 790 F.2d at 1364-67).

16       The Court will therefore apply the general summary judgment standard to Defendant's
17 motion, construing Plaintiff's pleadings liberally in his favor. *See Ghazali v. Moran*, 46 F.3d
18 52, 54 (9th Cir. 1995), *cert. denied*, 516 U.S. 838 (1995); *see also Semper v. JBC Legal*
19 *Group*, 2005 WL 2172377, at *1 (W.D.Wash. 2005) ("Although the rule requires that the
20 allegations of a pro se complaint be liberally construed when determining whether a viable
21 claim has been asserted and that strict compliance with procedural/technical rules will not
22 be expected of pro se litigants, it does not alter the summary judgment standard or otherwise
23 give pro se non-prisoner litigants multiple opportunities to present their evidence.").

24       **C.    The Americans with Disabilities Act.**

25       The ADA "prohibits certain employers from discriminating against individuals on the
26 basis of their disabilities." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 475 (1999) (citing
27 42 U.S.C. § 12112(a)); *see Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1480 (9th Cir. 1996).
28

1  "Only a 'qualified individual with a disability' may state a claim for discrimination."
2  *Kennedy*, 90 F.3d at 1480-81 (citations omitted).

3  "The ADA defines 'qualified individual with a disability' as an 'individual with a
4  disability who, with or without reasonable accommodation, can perform the essential
5  functions of the employment position that the individual holds or desires.'" *Id.* at 1481
6  (citing 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m)). Ultimately, a "plaintiff bears the
7  burden of demonstrating that [he] can perform the essential functions of [his] job with or
8  without reasonable accommodation." *Id.* (citing *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th
9  Cir. 1990)).

10  A "disability" is defined as (1) a physical or mental impairment that substantially
11  limits one or more of the major life activities, (2) a record of having such an impairment,
12  or (3) being regarded as having such an impairment. *See Sutton*, 527 U.S. at 478 (citing
13  42 U.S.C. § 12102(2)); *see also Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197
14  (2002) (stating that "substantially" and "major" are terms that "need to be interpreted strictly
15  to create a demanding standard for qualifying as disabled").

16  **D.   Analysis.**

17  Construing Plaintiff's pleadings liberally, the Court finds that Mr. Hovarth has not
18  created a triable issue of fact as to whether he is a qualified individual with a disability.[3]

19  **1.   Diagnosis of Severe Hyperactivity and Dyslexia.**

20  Mr. Hovarth states that he was "diagnosed with severe hyperactivity and dyslexia" at
21  the age of eight. Doc. #6 at 1. The mere diagnosis of an impairment or condition does not,
22  however, indicate that Mr. Hovarth is disabled within the meaning of the ADA. *See Wong
23  v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1061 (9th Cir. 2005) ("It is plain that having an
24  impairment does not necessarily mean that a person is 'disabled' for purposes of the Acts.")
25  (citing *Toyota Motor Mfg., Ky., Inc.*, 534 U.S. at 195). The Ninth Circuit has squarely
26  rejected the suggestion that every individual with an impairment is disabled per se. *See*

27
28  [3] Plaintiff filed a "Motion to Quash Defendant's Motion for Summary Judgment" (Doc. #6) which the Court treats as Plaintiff's response to Defendant's motion.

*Fraser v. Goodale*, 342 F.3d 1032, 1039 (9th Cir.2003) ("We do not decide whether every diabetic is disabled, and we do not decide whether every severely obese person is not disabled. Instead, whether a person is disabled under the ADA is an individualized inquiry.") (internal quotation marks omitted). Furthermore, a diagnosis of severe hyperactivity and dyslexia at the age of eight does not demonstrate that Plaintiff is "presently" disabled, notwithstanding Plaintiff's unsupported contention that his "condition will last throughout [his] entire life." Doc. #6 at 1; *see Sutton*, 527 U.S. at 482 ("Because the phrase 'substantially limits' appears in the ADA in the present indicative verb form, we think the language is properly read as requiring that a person be presently – not potentially or hypothetically – substantially limited in order to demonstrate a disability.").

### 2. Special Education.

Similarly, Plaintiff's evidence that he was "placed in self-contained special education classes throughout elementary school" (Doc. #6 at 1, Ex. A) is insufficient to create a genuine issue of material fact as to whether he is presently disabled. *See Sutton*, 527 U.S. at 481 ("The phrase 'substantially limits one or more major life activities' . . . requires that the substantial limitations actually and presently exist."). And even if Mr. Hovarth's evidence of receiving special education is viewed as proof that he has a record of impairment, he has presented no evidence that the impairment substantially limits a major life activity. *See Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 886 (9th Cir. 2004) ("[T]he record must be of an impairment that substantially limits a major life activity.") (quoting *Heisler v. Metro. Council,* 339 F.3d 622, 630 (8th Cir. 2003)).

### 3. Treatment and Medication.

Mr. Hovarth presents evidence that he is a patient at the Marc Center, where he is apparently "being treated with medication for" Attention Deficit Hyperactivity Disorder and a mood disorder. Doc. #6, Ex. B at 1. But the fact that an individual is receiving treatment or medication for a condition is not by itself evidence that the individual is disabled as defined by the ADA. *Cf. Sutton*, 527 U.S. at 488 (noting that petitioners, severely myopic twin sisters, conceded that they "do not argue that the use of corrective lenses in itself

1  demonstrates a substantially limiting impairment"). "A person whose physical or mental
2  impairment is corrected by medication or other measures does not have an impairment that
3  presently 'substantially limits' a major life activity." *Id*. at 482-83. Mr. Hovarth presents
4  evidence that he is receiving medication for two impairments, but offers no description of his
5  condition. He has not presented evidence from which a reasonable jury could conclude that
6  he is substantially limited in a major life activity.

### 4. Comments to and by Plaintiff's Co-Workers.

8  With respect to whether Mr. Hovarth was perceived as having a disability, Mr.
9  Hovarth contends that he "explained" his disability to Mr. Brown when he was being
10 considered for employment. Doc. #6 at 2. This statement, unsupported by evidence, is
11 insufficient to create an issue of fact for trial. *See* Fed. R. Civ. P. 56(e) (a party opposing
12 summary judgment "may not rest upon the mere allegations or denials of [the party's]
13 pleadings, but . . . must set forth specific facts showing that there is a genuine issue for
14 trial."); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87
15 (1986). Mr. Brown's declaration that Mr. Hovarth never told him that he had a disability,
16 that he "never believed Mr. Hovarth had a disability," and that "Mr. Hovarth never asked"
17 for an accommodation, thus stands uncontroverted. Doc. #5, Ex. A at 2. Mr. Hovarth also
18 does not dispute that he failed to identify himself as an individual with a disability requiring
19 a reasonable accommodation on Defendant's Post Offer Enrollment Form, which further
20 undercuts any argument that Plaintiff is or was considered to be disabled. *See id*., Ex. B.

21 Mr. Hovarth contends that Mr. Samora told Plaintiff that he "probably couldn't read"
22 the instructions for the pricing gun and that he was "'stupid' or something to that effect."
23 Doc. #6 at 2; Doc. #5, Ex. A at 2. Plaintiff offers no evidence that Mr. Samora actually
24 uttered the first remark, and neither comment rises to the level of Mr. Hovarth being regarded
25 as having a disability. In *Roberts v. Dimension Aviation*, this Court held that a co-worker's
26 "insults" that the plaintiff was "stupid, retarded and a fag" were "insufficient to establish that
27 Plaintiff was regarded as disabled." 319 F.Supp.2d 985, 990 (D.Ariz. 2004). Mr. Samora's
28 comments, if true, appear to be simple if unsavory insults rather than expressions of belief

- 6 -

1  that Mr. Hovarth was substantially limited in a major life activity. Moreover, Mr. Samora
2  has declared that Mr. Hovarth never told him that he had a disability and that he "never
3  believed Mr. Hovarth had a disability." Doc. #5, Ex. F at 2.
4      Mr. Hovarth has failed to present sufficient evidence for a reasonable jury to find in
5  his favor.[4] Accordingly, the Court will not address Mr. Hovarth's claims that he was
6  discriminated against on the basis of his disability.
7  **IT IS ORDERED:**
8      1.    Defendant's motion for summary judgment (Doc. #4) is **granted**.
9      2.    The clerk shall terminate this action.
10  DATED this 19th day of June, 2006.

*Daniel G. Campbell*

David G. Campbell
United States District Judge

---

[4] While the Court concludes that Plaintiff cannot survive summary judgment, Plaintiff has been afforded a meaningful opportunity to present his case and challenge Defendant's employment actions under applicable Ninth Circuit precedent governing pro se litigation. Plaintiff's presentation of evidence, albeit insufficient, shows that Plaintiff understood the need to present evidence in response to Defendant's motion. Moreover, Defendant's motion for summary judgment was explicitly filed pursuant to Rule 56 and placed Plaintiff on notice that he would have to comply with the summary judgment obligations of that rule. *See Jacobsen*, 790 F.2d. at 1366-67.